IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WALTER BURNES, *et al.*, etc., }
}
    Plaintiffs, }
} CIVIL ACTION NO.
v. }
} 99-AR-3280-S
PEMCO AEROPLEX, INC., *et al.*, }
}
    Defendants. }
}

FILED
00 JUN -5 PM 2:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUN 5 2000

**MEMORANDUM OPINION**

    The motion filed by plaintiffs filed on April 14, 2000, for leave to amend their complaint to add twenty-two "named plaintiffs" for a new total of fifty-eight instead of the original thirty-six and to add an illusory claim based on Title VII "as plaintiffs are waiting completion or termination of EEOC proceedings," was orally argued at the court's regular motion docket on May 19, 2000. Plaintiffs' proposed amendment does not actually allege the receipt of any right-to-sue from the EEOC by any named plaintiff, prematurely invokes Title VII and is thereby deficient on its face.

    This court is not convinced that a party plaintiff can be added to a suit by the expedient of a simple amendment by a present plaintiff to add a new plaintiff. To allow such a procedure would be totally inconsistent with Rule 24(b)(2), F.R.Civ.P., which permits **intervention** "when an applicant's

1

claim...and the main action have a question of law or fact in common." In considering an application to **intervene** "the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." This is a more stringent inquiry than the inquiry made pursuant to Rule 15(a), F.R.Civ.P., where leave to **amend** is to be "freely given." The addition of twenty-two individual claimants could very well delay the adjudication of the rights of the original thirty-six plaintiffs, particularly if a class is not certified and if the case proceeds as a series of separate, if similar, individual claims. On the other hand, if none of the original thirty-six "named plaintiffs" are adequate class representatives under Rule 23(a), F.R.Civ.P., and one or more of the newly proffered "named plaintiffs," would be adequate representatives, there may eventually be an overriding need to allow the addition of named plaintiffs in order to permit the certification of a class. There is no allegation of inadequacy in the present plaintiffs in their motion for leave to amend. Of course, if the putative class is certified, the proposed twenty-two additional plaintiffs will automatically be members of the class and will obtain all relief to which all class members will be entitled, losing nothing by not being named plaintiffs, that is, except the exposure to the costs associated with being class representatives. Under the circumstances, the court will deny the present motion without

prejudice to the filing of an application or applications for leave to intervene by those twenty-two individuals if and when an order is entered denying class status.

DONE this _5th_ day of June, 2000.

_/s/ William M. Acker, Jr._
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE