IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WALTER BURNES, *et al.*,            )
                                     )
    Plaintiffs,                      )
                                     )           Civil Action No.
v.                                   )
                                     )           CV-99-AR-3280-S
                                     )
PEMCO AEROPLEX, INC., *et al.*,      )
                                     )
    Defendant.                       )

**ENTERED**
**JUN - 4 2001**

## MEMORANDUM OPINION

Before the court is a motion for summary judgment by defendant, Pemco Aeroplex, Inc. ("Pemco"), as to plaintiff, Levi Billups ("Billups"). As alleged, the 36 plaintiffs in the above-entitled action are or were employed by Pemco and defendant, Precision Standard, Inc. ("Precision Standard"), Pemco's parent company, at the Pemco facility in Birmingham, Alabama. Billups and his co-plaintiffs allege that defendants have violated and continue to violate plaintiffs' federal civil rights by discriminating against them and harassing them on the basis of their race. As set forth herein, for reasons unrelated to the underlying merits of the action, Pemco's motion is due to be granted.

## Pertinent Material Facts

The relevant facts are few and their chronology is simple. On

July 3, 1997, Billups petitioned the United States Bankruptcy Court for the Northern District of Alabama for bankruptcy protection under Chapter 13. On January 30, 1998, he filed his EEOC charge insofar as relevant to the instant suit. The suit was filed in this court on December 21, 1999. On October 10, 2000, Billups's Chapter 13 case was converted to Chapter 7. Among other things, the conversion order directed Billups to submit a list of his assets to his Chapter 7 trustee within 15 days of the conversion. On December 8, 2000, Billups's trustee found that Billups's case was a "no asset case" and recommended that he be discharged. The bankruptcy court did so on January 23, 2001. The case was closed on January 29, 2001.

At the time of the initial Chapter 13 petition and of the Chapter 7 conversion, Billups was represented by bankruptcy counsel. At no point in this chronology did Billups inform the bankruptcy court of his EEOC charge or of any claim, potential or actual, against defendants.

### Summary Judgment Standard

Rule 56(c), F.R.Civ.P. provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

2

that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Supreme Court has emphasized that this language means exactly what it says: there must be a <u>genuine</u> issue of <u>material</u> fact, not merely some factual dispute. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 2510 (1986). What this standard means in practice is that "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511 (citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575 (1968)).

On defendant's motion for summary judgment, the court must look at the evidence, construed in plaintiff's favor, to see if a reasonable jury could return a verdict for plaintiff. If so, defendants' motion for summary judgment must be denied. If, however, as a matter of law, a jury could not return a verdict for plaintiff, defendant's motion must be granted.

### **Discussion**

In *Chandler v. Samford Univ.*, 35 F.Supp.2d 861 (N.D.Ala. 1999) (Acker, J.), this court held that the doctrine of judicial estoppel

acts "as a bar to a debtor's assertion of a claim not identified as an asset in an earlier bankruptcy proceeding." *Id.* at 864. Applying a two-part inquiry into 1) whether a party had assumed inconsistent positions and 2) whether the inconsistency would permit the party to benefit from deliberate manipulation of the courts, *see id.* at 863, this court found that judicial estoppel applied. The first prong was satisfied because Chandler, the debtor-plaintiff in that case, had not disclosed in bankruptcy proceedings the very claims she subsequently asserted against the defendant, her former employer. *See id.* at 864. The second prong was satisfied because Chandler was obviously aware of her claim when she filed her EEOC charge, because she had an affirmative duty to disclose the claim while her case was under Chapter 13 and when it was converted to Chapter 7, and because her "non-disclosure prompted the bankruptcy court to proceed as if [her] case was a 'no asset case' and may have contributed to the choice made by the parties in interest not to raise objections to the proposed administration of [her] bankruptcy estate." *Id.* at 865. As a final note, this court found that Chandler's claim of ignorance of the disclosure requirements, even if credible, was irrelevant to the court's analysis and to its conclusion that the debtor was

4

judicially estopped from pursuing a claim not listed. A debtor's creditors have rights that are due to be protected. This is a way to protect them.

In the face of this court's application of the law to the facts in *Chandler*, Billups has argued as best he can, but he has cited no precedent binding on this court that is contrary to *Chandler*. Nor can the court find any, although it has looked. Further, the case cited by Billups do not persuade the court to depart from *Chandler*'s holding and application of that holding. He has also failed convince this court that the facts pertinent to the pending motion are, in any meaningful way, distinguishable from those in *Chandler*. Specifically, the court finds that Billups's claimed good faith ignorance of his disclosure requirements does not forestall the application of judicial estoppel. Therefore, consistent with this court's resolution of the *Chandler* case, the court concludes that Billups is judicially estopped from pursuing his racial discrimination and racial harassment claims against Pemco.

This conclusion of the court, like the motion before it, pertains to only one of the two defendants. It is plain, however, that the same uncontroverted facts that support the granting of

Pemco's summary judgment motion as to Billups on judicial estoppel grounds also apply to Precision Standard. As the ultimate purpose of the doctrine judicial estoppel is to protect the integrity of the judicial system, and not, as is the case with the doctrine of equitable estoppel, the direct interests of the parties, *see id.* at 863, this court will *sua sponte* grant summary judgment in favor of Precision Standard as to Billups. *See Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 530 (5th Cir. 2000); *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 601 (9th Cir. 1996).

### Conclusion

A separate and appropriate order will be entered.

DONE this 4th day of June, 2001.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE