IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANDREW D. THOMAS, et al.,  }
    Plaintiffs,  }
                             }    CIVIL ACTION NO.
v.                                        }
                                       }    99-AR-3280-S
PEMCO AEROPLEX, INC., et al.,  }
    Defendants.  }

FILED
02 JUL -1 PM 1:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUL 1 2002

**FINAL JUDGMENTS**

    In accordance with the offers and acceptances made under Rule 68 F.R.Civ.P., plaintiffs, Otis Bailey, Walter Burnes, Gloria Cunningham, Alden N. Johnson, Johnny Payne, Alfred W. Ramsey, Shirley C. Robinson, James A. Taylor and Hilton Temple shall each have and recover of defendants, Pemco Aeroplex, Inc. and Precision Standard, Inc., the sum of $10,501.00. The said nine separate judgments, which should have been entered by the Clerk immediately after the offers and acceptances were filed, have already been paid by defendants to said plaintiffs, and thus have been satisfied in advance of their entry. The matter of differentiating between costs accruing before and after the acceptances of defendants' Rule 68 offers, and the issue of the expenses and attorneys fees to be assessed against defendants in favor of these nine plaintiffs shall, if not agreed upon between the parties **within twenty (20) days**, be referred to mediation. Meanwhile, plaintiffs are relieved of their obligations to file an application for said expenses and for attorneys fees.

    The granting of the Rule 50 motion submitted at trial by defendant, Precision Standard, Inc., does not alter the obligation of Precision Standard, Inc. in relation to the nine plaintiffs to whom it and Pemco

Aeroplex, Inc. had made Rule 68 offers of judgment in which the question of attorneys fees and expenses were deferred.

The Rule 50 motions made by defendant, Pemco Aeroplex, Inc., at trial have been rendered MOOT by the jury verdicts.

In effectuation of the verdicts rendered by the jury against the twenty-two plaintiffs who had sought monetary damages, none of the said twenty-two plaintiffs shall have and recover anything of defendant, Pemco Aeroplex, Inc. All of said plaintiffs' actions are hereby DISMISSED WITH PREJUDICE.

With respect to the claims for equitable and declaratory relief made by all thirty-five plaintiffs, including those barred by bankruptcies and those who accepted Rule 68 offers, the court is bound by the jury finding that there was no racially hostile environment at Pemco Aeroplex, Inc., during the relevant time period. Accordingly, the actions of all thirty-five plaintiffs, insofar as they seek declaratory and injunctive relief, are DISMISSED WITH PREJUDICE.

All pending motions that have not been orally ruled upon or rendered MOOT by the verdicts are hereby DENIED.

Except to the extent the judgments entered in favor of nine plaintiffs pursuant to the Rule 68 offers have the effect of taxing costs against defendants, costs are taxed against plaintiffs.

DONE this ___1st___ day of July, 2002.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE