IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
02 OCT 16 PM 3:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

ANDREW D. THOMAS, et al.,

    Plaintiffs,

v.

PEMCO AEROPLEX, INC.,

    Defendant.

CIVIL ACTION NO.

99-AR-3280-S

ENTERED
OCT 17 2002

## MEMORANDUM OPINION

    Defendant, Pemco Aeroplex, Inc. ("Pemco"), made purported offers pursuant to Rule 68, F.R.Civ.P., to each of those plaintiffs in the above-styled cause who had not previously been barred by their failures to list their choses-in-action as assets in their bankruptcy cases. Each said offer was for $10,501.00, plus the "reasonable costs, expenses and attorneys fees accrued as of the date of this offer." It would have behooved Pemco to have quantified the "reasonable attorneys fees" accrued by each plaintiff as of the time of Pemco's offers, which were accepted by 9 of the then 31 remaining plaintiffs, but the matter of quantification was left open and was complicated by the subsequently occurring fact that the cases of the then remaining 22 plaintiffs went to trial and the jury rendered verdicts against all 22 of them. The attorneys representing the 9 "winning" plaintiffs now claim an extraordinary amount of attorneys fees and expenses from defendant, and the attorneys representing defendant claim an extraordinary amount of attorneys fees and expenses from the 21



plaintiffs who rejected the Rule 68 offers.

With the agreement of the parties, the court referred the issue of attorneys fees and expenses to the same mediator who earlier attempted unsuccessfully to mediate the overall controversy. As reflected in Exhibit "A" attached hereto, the mediation was unsuccessful, not because of any lack of ability or dedication by the mediator but because the parties and their attorneys are so adversarial as to give new meaning to the word "intransigence."

Because of *Delta Airlines, Inc. v. August*, 450 U.S. 346, 101 S. Ct. 1146 (1981), Pemco lost by winning. If any of the 22 plaintiffs who obtained a zero award from the jury, had gotten a dollar, it would have potentially cost any such "winning" plaintiff a bundle, but all plaintiffs were happily saved from bankruptcy and/or from the interception of their wages by Pemco, their employer, by the fact that they did not get less than the Rule 68 offers, and instead got nothing. This is the clear, if strange, lesson of *Delta Airlines*. Pemco's petition for attorneys fees under rule 54 by a prevailing defendant is rejected because of the colorable merit of plaintiffs' claims. The complaint was not frivolous.

Pemco wanted to engage in strenuous discovery with respect to the attorneys fees being claimed by the 9 plaintiffs who accepted Pemco's Rule 68 offers. The court is unwilling to allow the parties to spend as much time on the attorneys' fees issues, and to

call upon this court to craft a lengthy set of findings and conclusions, an enterprise that would take longer than the month long jury trial itself. The court has a few other cases on its docket. It is not an easy task to tax costs and to fix 9 plaintiffs' reasonable attorneys fees that had accrued by the time of the acceptance of the Rule 68 offers. The circumstances are unique. Claims by 5 separate attorneys for plaintiffs, with differing claimed hourly rates ranging from $250 downwards, including work and expenses incurred after the Rule 68 offers were accepted and enuring to the benefit of the losing 22 plaintiffs, makes it most difficult to differentiate between work and expenses related to the "winning" 9, and the work and expenses related to the "losing" 22. Without trying to analyze every bill and every hour expended for its reasonableness and its necessity, something which, as said, would take as long as the trial itself, the court finds that the total reasonable attorneys fees and expenses attributable to the 9 "winning" plaintiffs and accruing prior to their acceptances of the Rule 68 offers, is $225,000. The attorneys must pay their own out-of-pocket expenses out of this sum. The court points out that although the lodestar method of fee fixing is preferred, there must be some relationship between the result and the fee, and in this case, the "winning" 9 plaintiffs received an aggregate monetary recovery of $94,509.00 and no equitable relief. The appropriate division of the aggregate amount of attorneys fees among the 5 attorneys will be plaintiffs'

problem. Pemco's check in payment shall be made jointly to Kenneth Simon and Adedapo Agboola.

Court costs shall be taxed 9/31 to defendant and 22/31 to the 22 plaintiffs who obtained no relief. No deposition costs shall be included in taxable costs except to the extent that depositions were actually offered and received into evidence. Costs bills shall be resubmitted by the parties so as to be consistent with the foregoing.

An order to implement this opinion is contemporaneously being entered.

DONE this ___16th___ day of October, 2002.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

# CHRISTIAN SMALL LLP
ATTORNEYS | COUNSELORS

BIBB ALLEN
CLARENCE M. SMALL, JR.
THOMAS W. CHRISTIAN
DUNCAN Y. MANLEY*
ROBERT E. COOPER
EDGAR M. ELLIOTT, IV
STEVEN A. BENEFIELD
RICHARD E. SMITH
DEBORAH ALLEY SMITH

DANIEL D. SPARKS**
MAXWELL H. PULLIAM
ERIC J. BREITHAUPT*
SUSAN SCOTT HAYES***
SHARON D. STUART***
AHRIAN DAVIS TYLER
M. ALEX GOLDSMITH
DAVID L. FAULKNER, JR.

CLARK A. COOPER
SUMMER H. ZULANAS
PATRICK S. FLYNN**
MICHAEL A. VERCHER
GREER B. MALLETTE
A. MELISSA BOLES
ANDREW B. BUCK
EMILY T. HUNTLEY
H. SPENCE MORANO

OF COUNSEL:

EDGAR M. ELLIOTT, III
LABELLA S. ALVIS

* ALSO ADMITTED IN TENNESSEE
** ALSO ADMITTED IN GEORGIA
*** ALSO ADMITTED IN TEXAS

505 20TH STREET NORTH
SUITE NO. 1800
BIRMINGHAM, ALABAMA 35203-2696
205.795.6588  205.328.7234

FILED
02 OCT 16 PM 3:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

Clarence M. Small, Jr

Direct Dial (205)250-6619
E-Mail Address: CMSmall@csattorneys.com

October 1, 2002

Honorable William M. Acker, Jr.
United States District Court
Northern District of Alabama
1729 5th Avenue North
Birmingham, AL 35203

      RE: *Walter Burnes, et al v. PEMCO Aeroplex, Inc., et al*
            CV 99-AR-3280-S

Dear Judge Acker:

    I regret to advise that we were unable to resolve the fee disputes in the captioned case in mediation on Friday, September 27, 2002.

                      Sincerely,

                      CLARENCE M. SMALL, JR.

CMS,jr:tm

cc:    Darryl Bender, Esq.
       Jeffrey A. Lee, Esq.

Exhibit "A"